FILED

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

00 JUN -2  PH 2: [ ]

U.S. DISTRICT COURT
N.D. OF ALABAMA

ANTHONY COFER, on behalf of himself and
others similarly situated,

   Plaintiff,

vs.

UNITED BENEFIT INSURANCE COMPANY,

   Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

CV 00-BU-0587-M

**ENTERED**

JUN 0 2 2000

## Memorandum Opinion

This cause comes to be heard on a motion to dismiss filed by Defendant United Benefit Insurance Company ("United Benefit") on March 30, 2000, converted by this Court to a motion for summary judgment on April 18, 2000. It its motion, United Benefit contends that no reasonable trier of fact could find that the Plaintiff, Anthony Cofer ("Cofer") has a justiciable claim, or could find that Cofer has stated a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964, or under applicable state tort and contract law.

   Summary judgment avails the parties of an invaluable opportunity to test the mettle of a case before it ever reaches trial. In evaluating a motion for summary judgment, the court assesses all of the proof the parties can bring to bear to ascertain the presence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Under Federal Rule of Civil Procedure 56, the court's determination of the propriety of summary

16

judgment is to be tempered by a strong inclination in favor of the non-movant. Therefore, only if the court concludes that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law is a grant of summary judgment appropriate. FED. R. CIV. P. 56(c). *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

It is the initial responsibility of the movant to inform this court of the grounds for its motion and to specifically identify those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits that it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The movant carries no meager burden, for it must illuminate for the district court, with reference to materials on file, the reasons why the non-movant cannot or does not raise a genuine issue of material fact sufficient to support a trial. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). *But see Gonzalez v. Lee County Housing Authority*, 161 F.3d 1290, 1294 (11th Cir. 1998) ("When the non-moving party bears the burden of proof on an issue at trial, the moving party need not 'support its motion with affidavits or other similar material negating the opponent's claim,' [*Celotex*] at 323 [], in order to discharge this initial responsibility. Instead, the moving party simply may '"show[ ]" — that is, point[ ] out to the district court — that there is an absence of evidence to support the nonmoving party's case.'").

Only after the moving party has satisfied this initial burden must the nonmoving party "make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." *Howard v. BP Oil Company*, 32 F.3d 520, 523 (11th Cir. 1994). At that point, Federal Rule of Civil Procedure 56(e) dictates that the nonmoving party "go beyond the pleadings" and by "affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts'" showing there exist genuine issues for trial. *Celotex*, 477 U.S. at 324; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). "If the non-moving party fails to 'make a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' then the court must enter summary judgment for the moving party." *Gonzalez*

*v. Lee County Housing Authority*, 161 F.3d at 1294 (11th Cir. 1998). Bare speculation based on loose construal of the evidence will not satisfy the non-movant's burden. *See id.*

While the district court is permitted to consider the offered "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" in deciding whether to grant or deny a summary judgment motion, FED. R. CIV. P. 56(c),the non-movant bears the absolute responsibility of designating the specific facts in the record that support its claims. *See United States v. Four Parcels of Real Property in Greene and Tuscaloosa Counties in the State of Alabama*, 941 F.2d 1428, 1438 (11th Cir. 1991); *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). In other words, Federal Rule of Civil Procedure 56 "does not impose upon the district court a duty to survey the entire record in search of evidence to support a non-movant's opposition." *Id. See also Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir.) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment."), *cert. denied*, — U.S. —, 116 S.Ct. 74 (1995).

In resolving whether a given factual dispute requires submission to a jury, the court must inspect the presented evidence through the looking glass of each party's substantive evidentiary burden. *Anderson*, 477 U.S. at 254-55. Nonetheless, the court must abstain from examining the probity of conflicting evidence and from deciding issues of credibility. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). "It is not part of the court's function, when deciding a motion for summary judgment, to decide issues of material fact, but rather decide whether such issues exist to be tried. The Court must avoid weighing conflicting evidence or making credibility determinations." *Hairston v. Gainesville Sun Publishing Co.*, 9 F.3d 913, 919 (11th Cir. 1993). Still though, "[t]he nonmoving party must provide more than a mere scintilla of evidence to survive a motion for judgment as a matter of law; 'there must be a substantial conflict in evidence to support a jury question.'" *Tidwell v. Carter Products*, 135 F.3d 1422, 1425 (11th Cir. 1998) (*citing Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir.1989)).

Facts

On December 17, 1999, United Benefit sent letters to certain of its clients, informing them that on April 1, 2000, their insurance policies would be converted to a new insurance plan effective April 1, 2000. The new insurance plan to which the clients' earlier policies would be changed included a requirement that all disputes regarding insurance coverage be submitted to arbitration. The letter informing the clients of this change stated the following:

IMPORTANT! Alabama Law requires that you sign the enclosed form entitled "Important Notice About The Policy Of Insurance For Which You Have Applied." Please sign and return this form as soon as possible. If this form is not signed and received by March 31, 2000, all of your health insurance coverage with [United Benefit] will terminate March 31, 2000.

Exhibit A to Defendant's Narrative Statement of Facts and Memorandum of Law in Support of Motion for Summary Judgment. Cofer received this letter on December 20, 2000.

On February 11, 2000, United Benefit sent Cofer a letter reminding him of the need to respond to the notice about the policy of insurance and informing him of United Benefit's intention to terminate the health benefits of those insured clients who failed to respond. In late February, in response to the complaints of unhappy customers, United Benefit decided not to alter the insurance offered to its clients; it would not convert the policies and would not require arbitration of disputes. A letter to that effect was mailed to United Benefit's clients in late February of 2000. While Cofer claims that he did not receive the letter, he does not dispute that United Benefit sent letters to its clients at that time indicating its intention not to alter the policies of its clients. Thereafter, on March 7, 2000, Cofer filed the instant action.

Contentions & Analysis

It his complaint, Cofer alleges that United Benefit, by attempting to convert his policy to one which required arbitration of disputes, violated RICO and made fraudulent

misrepresentations in violation of state law.[1]  On these claims, Cofer seeks injunctive relief to have United Benefit not attempt conversion of the existing policy to one requiring arbitration in the future and he seeks monetary relief for the mental anguish he has suffered and the postage fees and attorneys' fees he has expended in the present action.  United Benefit, in its motions, argues that Cofer' claim for injunctive relief is moot.  It further contends that Cofer cannot state a claim for relief under RICO.  Finally, United Benefit asserts that Cofer's fraudulent misrepresentation claim cannot be maintained.

In *Bivens Gardens Office Bldg., Inc. v. Barnett Banks of Florida, Inc.*, 140 F.3d 898, 906 (11th Cir. 1998), the Eleventh Circuit Court of Appeals reiterated the principle that a plaintiff may only bring an action under RICO if that plaintiff has "RICO standing."  To have RICO standing, the Court of Appeals stated, a plaintiff must demonstrate that his or her injuries are "the direct result of the alleged racketeering activity."  *Id*.  Further, such injury must be to the plaintiff's business or property; a personal injury arising from a violation of RICO is insufficient to grant the plaintiff standing under RICO.  See *Grogan v. Platt*, 835 F.2d 844, 847 (11th Cir. 1988), *cert. denied*, 488 U.S. 981 (1988).

Cofer claims that he suffered mental anguish resulting from United Benefit's alleged RICO violations.  However, this type of injury is not one remediable under RICO.  "[T]o the extent that the plaintiffs claim that the emotional and mental distress suffered by the harassment caused them an 'injur[y] in [their] business or property,' this claim is unavailing."  *Pilkington v. United Airlines*, 112 F.3d 1532, 1536 (11th Cir. 1997).  Further, Cofer avers that the costs of long distance telephone usage, postage and retaining an attorney are also compensable. However, these expenses were not incurred as a direct result of United Benefit's alleged RICO violations.  Rather, they were taken by Cofer in bringing this action and were the consequence of Cofer's own volition.  To demonstrate that an injury is a direct result of a RICO violation, the

---

[1]  Cofer alleged other state-law causes of action in his complaint, but has not defended them in the face of United Benefit's motion to dismiss and motion for summary judgment.  Having not responded to this aspect of United Benefit's motion, these claims will therefore be dismissed, with prejudice.

plaintiff must demonstrate "that the defendant's violation not only was a 'but for' cause of his injury, but was the proximate cause as well." *Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 268 (1992). Here, no reasonable trier of fact could conclude anything but that Cofer's volitional acts in incurring telephone, postage and attorney costs are interceding acts taken by Cofer after his awareness of fraud in an attempt to further this litigation; thus, these "injuries" were neither "but-for" caused by any RICO violation of United Benefit nor proximately caused by a RICO violation. Further, while attorneys' fees are recoverable under 18 U.S.C. § 1964(c), they are not a cognizable injury; such claims for money damages under RICO will therefore be dismissed.

Cofer also requests the Court to issue an injunction against conversion of the United Benefit insurance policy to the policy requiring arbitration as relief under RICO. In *Tucker v. Phyfer*, 819 F.2d 1030, 1033 (11th Cir. 1987), the Eleventh Circuit Court of Appeals stated:

> It is well settled that at the time a plaintiff brings suit he must have standing to prosecute his claim; he must have a "personal stake" in the outcome of the litigation. See, e.g., *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983); *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396-97 (1980). The mootness doctrine requires that the plaintiffs controversy remain live throughout the litigation; once the controversy ceases to exist, the court must dismiss the cause for want of jurisdiction. See, e.g., *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-40 (1937); *Church of Scientology Flag Serv. Org. v. City of Clearwater*, 777 F.2d 598, 604 (11th Cir. 1985), *cert. denied*, --- U.S. ----, 106 S.Ct. 1973 (1986). In a class action, the claim of the named plaintiff, who seeks to represent the class, *must be live both at the time he brings suit and when the district court determines whether to certify the putative class*. If the plaintiff's claim is not live, the court lacks a justiciable controversy and must dismiss the claim as moot. See *Geraghty*, 445 U.S. at 404 & n. 11.

Emphasis added. See also *McKinley v. Kaplan*, 177 F.3d 1253, 1256 (11th Cir. 1999) (same). Here, United Benefit retracted its decision to covert Cofer's life insurance policy before this action was filed; there ceased to be a live controversy regarding conversion of the policy — the subject of any sought injunction — before the initiation of the action. As such, Cofer's claim for injunctive relief is moot and will be dismissed, without prejudice to re-file if a subsequent conversion is attempted.

The Court need not address whether Cofer's fraudulent suppression claim is viable and instead chooses to dismiss the claim, without prejudice under 28 U.S.C. § 1367(c) to permit Cofer to re-file his state law claim in state court.

### Conclusion

For the forgoing reasons, the motion to dismiss and for summary judgment filed by United Benefit will be GRANTED. All RICO claims for damages and all state law claims, except the fraudulent suppression claim, will be DISMISSED, with prejudice. Cofer's RICO claim for injunctive relief will be DISMISSED, without prejudice to re-file if his claim again becomes live. Finally, Cofer's fraudulent suppression claim will be DISMISSED, without prejudice to Cofer to re-file such claim in the appropriate state forum.

DONE and ORDERED this **2nd** day of June, 2000.

_____
H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE